UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



TUAN TRAN AND THOMAS DESHAIES,

     Plaintiffs,

v.

THOMAS L. DUPRE,

     Defendant.

Civil Action No.: _05-36030-KPN_

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Plaintiffs Tuan Tran and Thomas Deshaies bring this action against defendant Thomas L. Dupre for assault, battery, intentional infliction of severe emotional distress, negligent infliction of emotional distress, and violations of the Massachusetts Civil Rights Act. The plaintiffs' claims arise from the sexual abuse of the plaintiffs by the defendant.

### PARTIES

1.    Plaintiff Tuan Tran ("Tran") resides in California.

2.    Plaintiff Thomas Deshaies ("Deshaies") resides in Connecticut.

3.    Defendant Thomas L. Dupre (the "Defendant"), upon information and belief, resides in the judicial district of Massachusetts and, more particularly, Springfield, Hampden County, Massachusetts.

### JURISDICTION AND VENUE

4.    Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity between the plaintiffs and the Defendant and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     Personal jurisdiction is proper over the Defendant because he resides in Massachusetts, he has purposefully availed himself of the laws and benefits of Massachusetts, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) because subject matter jurisdiction is founded on diversity of citizenship and the Defendant resides in this judicial district.  Venue in this division is appropriate pursuant to Local Rule 40.1(D)(1)(c) because the only party residing in this judicial district resides in a county within this division.

STATEMENT OF FACTS

7.     The Defendant is an ordained priest.

8.     The Defendant served in a variety of positions with the Roman Catholic Diocese of Springfield ("RCDS"), including Auxiliary Bishop beginning in approximately 1990.

9.     In 1995, the Defendant was elevated to Bishop of The Roman Catholic Diocese of Springfield, a position he held until February, 2004.

10.     In or about 1975, Tran, a Vietnamese refugee, came to this country with members of his family and settled in the Springfield, Massachusetts area.

11.     After their arrival in this country, Tuan Tran and his family were sponsored by a Springfield-area parish and lived in the parish convent.

12.     At that time, the Defendant was assigned as a priest to that parish.

13.     The Defendant befriended Tran shortly after Tran's arrival in Springfield.

14.     Thereafter, the Defendant sexually abused Tran, then a minor, for a period of years.

15.     The Defendant's sexual abuse of Tuan Tran occurred in various locations, including, without limitation, Vermont, New Hampshire, New York, and Canada.

2

16.    The Defendant also befriended Deshaies after the Defendant began abusing Tran.

17.    Thereafter, the Defendant sexually abused Deshaies, then a minor, for a period of years.

18.    There were many occasions when Tran and Deshaies were sexually abused by the Defendant together, including, without limitation, many acts that occurred on trips outside of Massachusetts.

19.    The Defendant engaged in threatening, intimidating, and coercive behavior toward Tran and Deshaies, including, without limitation, showing pictures of individuals inflicted with AIDS and commenting that sexual contact with others would lead to death.

20.    During the period of his sexual abuse, Tran told the Defendant that he intended to tell his family about his relationship with the Defendant, but was told by the Defendant that he would not be believed.

21.    In approximately 1990, when the Defendant learned that he would be elevated to the position of Auxiliary Bishop of the RCDS, he contacted Tran and Deshaies and told them that he would not accept the appointment unless they remained silent about the sexual abuse they had suffered by the Defendant and that if the abuse became known, it would cause embarrassment to the Church.

22.    Despite being aware of the Defendant's conduct, until recently Tran did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was the Defendant's sexual abuse. Indeed, Tran only made a causal connection between the Defendant's conduct and his harm in 2003. Accordingly, the applicable statute of limitations did not begin to run until then.

3

23.    Despite being aware of the Defendant's conduct, until recently Deshaies did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was the Defendant's sexual abuse.  Indeed, Deshaies only made the causal connection between the Defendant's conduct and his harm in 2003.  Accordingly, the applicable statute of limitations did not begin to run until then.

24.    Both Tran and Deshaies have suffered significant emotional and psychological harm and pain and suffering as a result of the sexual abuse and other wrongful conduct of the Defendant.

**STATEMENT OF CLAIMS**

**COUNT I**

**(Battery – Tran v. the Defendant)**

25.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

26.    The Defendant's sexual abuse of Tran constitutes separate intentional and overt acts.

27.    The Defendant's intentional and overt acts were separately and collectively unwanted, unjustified, and without Tran's consent.

28.    The Defendant's intentional and overt acts proximately caused Tran damages.

**COUNT II**

**(Assault – Tran v. the Defendant)**

29.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

30.    The Defendant's sexual abuse of Tran constitutes separate intentional and overt acts.

4

31.    The Defendant's intentional and overt acts created an apprehension of immediate physical harm on the part of Tran.

32.    Tran's apprehension was reasonable.

33.    The Defendant's intentional and overt acts caused Tran damages.

## COUNT III

### (Intentional Infliction of Emotional Distress – Tran v. the Defendant)

34.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

35.    The Defendant knew or should have known that emotional distress was the likely result of his conduct.

36.    The Defendant's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

37.    The Defendant's actions proximately caused Tran's emotional distress.

38.    Tran's emotional distress was severe and of a nature that no reasonable man could be expected to endure.

## COUNT IV

### (Negligent Infliction of Emotional Distress – Tran v. the Defendant)

39.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

40.    The Defendant owed a duty of care to Tran based on their special relationships including, but not limited to, as priest and parishioner and inviter and invitee.

41.    The Defendant breached that duty of care.

42.    The Defendant's negligence proximately caused Tran's severe emotional distress and Tran suffered physical harm manifested by objective symptomatology.

43.     A reasonable person would have suffered severe emotional distress under the circumstances.

## COUNT V

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I – Tran v. the Defendant)

44.     Tran realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

45.     The Defendant interfered with or attempted to interfere with Tran's rights secured by the laws of the Commonwealth though threats, intimidation, and/or coercion.

46.     The Defendant's conduct proximately caused Tran damages.

## COUNT VI

### (Battery – Deshaies v. the Defendant)

47.     Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

48.     The Defendant's sexual abuse of Deshaies constitutes separate intentional and overt acts.

49.     The Defendant's intentional and overt acts were unwanted, unjustified, and without Deshaies's consent.

50.     The Defendant's intentional and overt acts proximately caused Deshaies damages.

## COUNT VII

### (Assault – Deshaies v. the Defendant)

51.     Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

52. The Defendant's sexual abuse of Deshaies constitutes separate intentional and overt acts.

53. The Defendant's intentional and overt acts created an apprehension of immediate physical harm on the part of Deshaies.

54. Deshaies's apprehension was reasonable.

55. The Defendant's intentional and overt acts proximately caused Deshaies damages.

## COUNT VIII

### (Intentional Infliction of Emotional Distress – Deshaies v. the Defendant)

56. Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

57. The Defendant knew or should have known that emotional distress was the likely result of his conduct.

58. The Defendant's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

59. The Defendant's actions proximately caused Deshaies's severe emotional distress.

60. Deshaies's emotional distress was severe and of a nature that no reasonable man could be expected to endure.

## COUNT IX

### (Negligent Infliction of Emotional Distress – Deshaies v. the Defendant)

61. Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

62. The Defendant owed a duty of care to Deshaies based on their special relationships including, but not limited to, as priest and parishioner and inviter and invitee.

63. The Defendant breached that duty of care.

7

64.    The Defendant's negligence proximately caused Deshaies's severe emotional distress and Deshaies suffered physical harm manifested by objective symptomatology.

65.    A reasonable person would have suffered severe emotional distress under the circumstances.

## COUNT X

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I – Deshaies v. the Defendant)

66.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

67.    The Defendant interfered with or attempted to interfere with Deshaies's rights secured by the laws of the Commonwealth though threats, intimidation, and/or coercion.

68.    The Defendant's conduct proximately caused Deshaies damages.

### REQUESTS FOR RELIEF

A.    With respect to Count I, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

B.    With respect to Count II, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

C.    With respect to Count III, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

D.    With respect to Count IV, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

E.    With respect to Count V, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

F.    With respect to Count VI, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

G.    With respect to Count VII, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

H.    With respect to Count VIII, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

I.    With respect to Count IX, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

J.    With respect to Count X, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

**JURY DEMAND**

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

TUAN TRAN and
THOMAS DESHAIES,

By their attorneys:

Robert A. Sherman, BBO #458520
David G. Thomas BBO # 640854
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Dated: January 28, 2005

10

℀JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Thomas Deshaies
Tuan Tran

**DEFENDANTS**

Thomas Dupre

**(b)** County of Residence of First Listed Plaintiff  Tolland County, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Hampden, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David G. Thomas, Esq.   (617.310.6025)
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, MA  02110

Attorneys (If Known)
Michael O. Jennings, Esq.
73 Chestnut Street
Springfield, MA  01103-1705

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. sec. 1332 – The Plaintiffs hereby file this case in federal court as they are currently citizens of a different state then the defendant and the amount in controversy*

## VII. REQUESTED IN    ☐ CHECK IF THIS IS A CLASS ACTION
COMPLAINT:       UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY    (See instructions):

JUDGE

DOCKET NUMBER

DATE  1/28/05

SIGNATURE OF ATTORNEY OF RECORD  David G.

05,8,26

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

*exceeds $25,000. Due to the extraordinary nature of the Defendant's alleged abuse of the Plaintiffs, the precise calculation of damages is difficult to determine at this time, but they are certain to be well in excess of $75,000.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____

   Thomas Deshaies v. Thomas L. Dupre

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

   local rule 40.1(a)(1)).

   [ ]  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [x]  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   [ ]  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]      NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
   28 USC §2403)

                                                          YES [ ]      NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]      NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]      NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).

                                                          YES [ ]      NO [x]

   A.    If yes, in which division do all of the non-governmental parties reside?

         Eastern Division [ ]        Central Division [ ]        Western Division [ ]

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies,  residing in Massachusetts reside?

         Eastern Division [ ]        Central Division [ ]        Western Division [x]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
   yes, submit a separate sheet identifying the motions)

                                                          YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   David G. Thomas c/o Greenberg Traurig, LLP

ADDRESS   One International Place, 20th Floor, Boston, MA   02110

TELEPHONE NO.   (617) 310.6025